IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**VS.**                                    **CIVIL ACTION No.**     **3:19-CV-278-MPM-RP**

**DIXIE-NET FIBER, INC.**                                              **DEFENDANT**

**CONSENT JUDGMENT**

Before the Court is the United States' Amended Complaint for Foreclosure [Dkt. 3] and the Answer of the Defendant, Dixie-Net Fiber, Inc. ("Dixie-Net"). The Court is advised that the United States and Dixie-Net have reached an agreement with respect to the allegations contained within the Amended Complaint. Accordingly, the Court finds and orders as follows:

WHEREAS, this Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1345 by reason of the fact that this is a civil action brought by the United States of America, on behalf of the Rural Utilities Services ("RUS"), a division of Rural Development, an agency within the United States Department of Agriculture. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b).

WHEREAS, Dixie-Net executed and delivered to RUS on December 2, 2002, the following: (1) Mortgage, Security Agreement and Financing Statement (the "Mortgage"); (2) Promissory Note; and (3) Broadband Loan Agreement (collectively, "Loan Instruments"). The Loan Instruments secure both real and personal property, after-acquired property, future advances, future obligations, and all rents, income, revenues, profits and benefits at any time derived, received or had from any and all of the property

described in the Mortgage. The Promissory Note is more particularly described as follows:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
|---|---|---|---|---|
| Promissory Note | December 2, 2002 | $4,803,000.00 | Interest payable on the amount advanced | Per Loan Terms set forth in the Broadband Loan Agreement, dated December 2, 2002 |

The "Granting Clause" of the Mortgage, specifically in sections I through V, secures the indebtedness set forth above by naming certain real and personal property of Dixie-Net as collateral.

WHEREAS, subsequent to the execution of the Loan Instruments, Dixie-Net executed and acknowledged in the manner required by Mississippi law and delivered to the United States of America, acting by and through RUS, a Deed of Trust for Mississippi securing the "existing facilities" and real property described therein and situated in Tippah County, Mississippi and more particularly described below:

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| December 2, 2002 | March 12, 2003 | Filed in the Office of the Chancery Clerk and Ex-Officio Recorder of Tippah County, Mississippi, in Record Book 320, at Pages 697 - 702. |

WHEREAS, by execution of the Loan Instruments and Deed of Trust heretofore set forth, Dixie-Net conveyed a mortgage lien in the real property situated in Tippah County that is superior, prior and paramount to any and all claims, which is more particularly described as:

> The North 78 feet of Block Number 7 in and according to the map, plat and survey of the City of Ripley, Mississippi, more particularly described as beginning at the Northeast Corner of said Block Number 7, and running

> thence South 78 feet; thence West 198 feet; thence North 78 feet; thence East 198 feet to the Point of Beginning.
>
> <u>LESS AND EXCEPT</u>
>
> Commencing at a concrete marker at the Southeast Corner of Block Number 7 according to the map, plat and survey of the City of Ripley, Mississippi, said point being the intersection of the West line of Main Street and the North line of Mulberry Street and run thence North for 120.00 feet; thence run West for 160.34 feet to a ½ inch rebar (set) for a Point of Beginning; thence run North a distance of 27.03 feet, thence run East a distance of 3.42 feet; thence run North a distance of 22.00 feet; thence run West a distance of 22.00 feet; thence run South a distance of 4.03 feet; thence run West a distance of 11.42 feet; thence run south a distance of 45.00 feet, thence run East a distance of 30.00 feet to the Point of Beginning.
>
> All lying and being in Section 14, Township 4 South, Range 3 East Ripley, Tippah County, Mississippi and containing 0.03 acres.

Dixie-Net also conveyed a lien on personal property as provided for in the "Granting Clause" of the Mortgage. Plaintiff executed and filed a Mississippi-UCC1 Financing Statement with the Mississippi Secretary of State on May 15, 2003, to perfect its lien on Dixie-Net's personal property.

WHEREAS, by letter dated January 25, 2012, RUS exercised its right of acceleration and declared the entire indebtedness immediately due and payable. As of April 13, 2021, there remains due and owing to RUS the total amount of Eight Hundred Twenty Nine Thousand, Six Dollars and Forty Four Cents ($829,006.44), the sum of which includes an outstanding principal amount of $645,277.98 and accrued interest in the amount of $183,728.46.

WHEREAS, RUS is entitled to an *in rem* judgment against the real and personal property serving as collateral for the loan(s) described within the Loan Instruments and to enforce its judgment through the seizure and sale of the property pursuant to a Decree of Foreclosure.

THEREFORE, IT IS ORDERED, as follows:

1. An *in rem* judgment against the real and personal property, after-acquired property, future advances, future obligations, and all rents, income, revenues, profits and benefits at any time derived, received or had from any and all of the property described in the Mortgage is entered in favor of RUS for the total amount of Eight Hundred Twenty Nine Thousand, Six Dollars and Forty Four Cents ($829,006.44), the sum of which includes an outstanding principal amount of $645,277.98 and accrued interest in the amount of $183,728.46 calculated through April 13, 2021.

2. RUS' first mortgage lien on the real property described herein is recognized and RUS is authorized to sell said real property according to law to the highest bidder, or as otherwise agreed to by RUS and Dixie-Net. RUS is entitled to priority, subject to any unpaid taxes, to the proceeds of any sale of the real property.

3. Dixie-Net agrees to assist RUS in the execution of this Consent Judgment. Dixie-Net's assistance includes providing a current inventory of assets, any and all financial records it has available for a period covering the most recent three (3) years, and a current list of subscribers, if any. In addition, Dixie-Net will provide engineering records and access to all facilities and buildings upon RUS request. Dixie-Net agrees to preserve the value of Dixie-Net's assets upon which RUS has a lien and Dixie-Net shall not sell, transfer, liquidate, or otherwise dispose of any asset without the express approval of RUS.

4. The Court will retain jurisdiction over this matter for a period of One Hundred Twenty (120) days following entry of this Consent Judgment for the purpose of the enforcement of the terms of this Consent Judgment.

- 5 -

SO ORDERED on this the 19th day of April, 2021.

                                                             /s/ Roy Percy
                                                             UNITED STATES MAGISTRATE JUDGE

Prepared by and Agreed to:

/s/ SAMUEL D. WRIGHT
SAMUEL D. WRIGHT [MS Bar 101425]
Assistant United States Attorney
900 Jefferson Ave.
Oxford, Mississippi 38655
Telephone:   (662) 234-3351
Facsimile:    (662) 234-3318
Samuel.Wright@usdoj.gov
   For the United States

Agreed to:

/s/   BART M. ADAMS
BART M. ADAMS
AKINS & ADAMS, P.A.
108 F. Jefferson Street
Ripley, Mississippi 38663
Telephone:   (662) 837-9976
bart@akinsadams.com
   For Defendant, Dixie-Net Fiber, Inc.